IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *Plaintiff*, v. U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, *Defendants*. | Case No. 4:25-cv-77-JAR |

**JOINT STATUS REPORT**

On July 3, 2025, the Court granted the parties' motion to stay proceedings in light of another court's universal vacatur of all but a few provisions of the *HIPAA Privacy Rule to Support Reproductive Health Care Privacy*, 89 Fed. Reg. 32976 (Apr. 26, 2024)—the same rule that the State of Missouri challenges in this case. *See Purl v. HHS*, 2025 WL 1708137 (N.D. Tex. June 18, 2025).[1] The Court also instructed the parties to submit a joint status report no later than August 25, 2025, addressing whether the Court should continue to stay proceedings and proposing any appropriate next steps.

The parties respectfully request that the Court keep proceedings stayed in this matter. As the parties indicated in their stay motion, the deadline to appeal the district court's judgment in *Purl* was August 18, 2025. Although the government did not notice an appeal, a group of proposed intervenors that are appealing the district court's denial of their motion to intervene filed a protective notice of appeal. *See Purl v. HHS*, No. 2:24-cv-228 (N.D. Tex.), ECF No. 120. The parties submit that staying this case pending resolution of those appellate proceedings in *Purl* will both promote judicial economy and preserve their resources, *see Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to

---

[1] The court in *Purl* severed unchallenged provisions of the Rule that pertain to substance use disorder records. *See* 2025 WL 1708137, at *30–31.

1

stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."), as Missouri faces no imminent harm from the vacated rule and further proceedings in this Court may be unnecessary, *see Glow In One Mini Golf LLC v. Walz*, 37 F.4th 1365, 1371–73 (8th Cir. 2022) (dismissing as moot claims for prospective relief where the challenged law was "no longer in effect" and all related restrictions "lost their life during the course of th[e] litigation").

In the event the Court keeps proceedings stayed, the parties have agreed to file a joint status report no later than November 24, 2025, and every 90 days thereafter, informing the Court of the status of the *Purl* appeal and, if necessary, proposing any appropriate next steps.

Dated: August 25, 2025      Respectfully submitted,

**ANDREW BAILEY**
Attorney General of Missouri

**LOUIS J. CAPOZZI III**
Solicitor General of Missouri

*/s/ Reed C. Dempsey*
Reed C. Dempsey #1697941DC
*Deputy Solicitor General*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
Fax. (573) 751-0774
reed.dempsey@ago.mo.gov

*Counsel for Plaintiff State of Missouri*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC B. BECKENHAUER
Assistant Branch Director

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869

2

Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

On August 25, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Missouri, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
U.S. Department of Justice